UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL SABRINA MOORE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | Case No.:  13cv931-DHB<br><br>**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED EXHIBITS AND WITNESSES**<br><br>**[ECF No. 100]** |

On March 1, 2016, Defendant United States of America filed a motion *in limine* to exclude from trial exhibits and a witness that Plaintiff Raquel Sabrina Moore failed to timely disclose.  (ECF No. 100.)  Pursuant to this Court's Amended Order re: Trial, dated February 18, 2016, Plaintiff had until March 8, 2016 to file an opposition to Defendant's motion.  (*See* ECF No. 94 at 4:21-22.)  To date, Plaintiff has not filed any response to Defendant's motion.

Defendant seeks to exclude the following exhibits: (1) photos from Plaintiff expert Carl Beels' site inspection (Plaintiff's Exhibits Nos. 9-81); (2) video from Mr. Beels' site inspection (Plaintiff's Exhibit No. 82); (3) exemplar model of wrist (Plaintiff's Exhibit No. 113); (4) demonstrative timeline of medical treatment (Plaintiff's Exhibit No. 114); and (5) exemplar of Isagel bottle (Plaintiff's Exhibit No. 115).  Defendant also seeks to exclude

the testimony of Plaintiff's witness, Karen Long, who will purportedly testify about Plaintiff's alleged wage loss.

### 1. **Exhibits 9-82**

Federal Rule of Civil Procedure 26 "requires the parties to disclose the identity of each expert witness 'accompanied by a written report prepared and signed by the witness.'" *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting FED. R. CIV. P. 26(a)(2)(B)).  Expert disclosures must be made "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D).  "Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (quoting *Yeti by Molly*, 259 F.3d at 1106).  "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Id.* (quoting FED. R. CIV. P. 37 advisory committee's note (1993)).  Moreover, because of the automatic nature of this sanction, courts are not required to make a finding of willfulness or bad faith prior to excluding expert testimony at trial. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

"When a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the . . . evidence at trial unless it establishes that the failure was substantially justified or is harmless." *Goodman*, 644 F.3d at 826 (citing FED. R. CIV. P. 37(c)(1); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1212-13 (9th Cir. 2008)).  "The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction." *Goodman*, 644 F.3d at 827 (citing *Yeti by Molly*, 259 F.3d at 1107).

"[P]articularly wide latitude [is given] to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly*, 259 F.3d at 1106 (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)).  Despite the severity of this exclusionary sanction, it may be appropriate "even when a litigant's entire cause of action or defense has been precluded." *Id.* (citing *Ortiz-Lopez*, 248 F.3d at 35).

Here, as Defendant's motion plainly demonstrates, Plaintiff failed to produce the challenged photographs and video taken during Mr. Beels' February 20, 2015 site inspection. Although Plaintiff timely produced Mr. Beels' expert report on March 9, 2015, and his rebuttal expert report on March 20, 2015, neither report included the photographs and video that Defendant now seeks to exclude. Rule 26(a)(2)(B)(iii) requires that expert reports must contain "any exhibits that will be used to summarize or support them." Plaintiff did not disclose the existence of these exhibits until December 18, 2015. As a result, they are untimely and are automatically excluded unless Plaintiff can demonstrate that her failure was substantially justified or harmless. Plaintiff, who does not oppose Defendant's motion, fails to make such a showing. Accordingly, Exhibits 9-82 are excluded from trial.

**2.    Exhibits 113-115**

Plaintiff also failed to timely disclose Exhibits 113-115. In fact, not only did Plaintiff wait to identify them until her December 18, 2015 trial exhibit list, well after the close of fact and expert discovery, which closed on August 22, 2014 and April 24, 2015, respectively, but Plaintiff has still, as of the filing of Defendant's motion, failed to produce these exhibits to Defendant. Rule 26(a)(1)(A)(ii) requires, as part of a party's initial disclosures, disclosure of all documents that the party "may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e)(1) further requires that initial disclosures be supplemented "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Plaintiff's failure to disclose the existence of Exhibits 113-115 until December 18, 2015, and her ongoing failure to produce them, is untimely. Based on the authorities discussed above, this evidence is automatically excluded unless Plaintiff can demonstrate that her failure was substantially justified or harmless. As noted, Plaintiff does not oppose Defendant's motion and, as a result, she fails to make such a showing.

Local Civil Rule 16.1.f.4.d, which provides that "[f]ailure to display and/or exchange exhibits to or with opposing counsel will permit the court to decline admission of same into evidence," provides an additional basis to exclude Exhibits 113-115.

Based on the foregoing, Exhibits 113-115 are excluded from trial.[1]

**3.   Karen Long**

Finally, Plaintiff failed to timely disclose a witness, Karen Long. Rule 26(a)(1)(A)(1) requires, as part of a party's initial disclosures, disclosure of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." And as noted, Rule 26(e)(1) requires timely supplementation of initial disclosures.

Here, Plaintiff did not disclose the existence of Karen Long as a potential wage loss witness until December 18, 2015, well after the close of discovery, despite having asserted a wage loss claim since the outset of this case. Based on the authorities discussed above, Karen Long's testimony is automatically excluded unless Plaintiff can demonstrate that her failure was substantially justified or harmless. As noted, Plaintiff does not oppose Defendant's motion and, as a result, she fails to make such a showing.

Accordingly, Karen Long is excluded as a trial witness.[2]

IT IS SO ORDERED.

Dated: March 14, 2016

_____
DAVID H. BARTICK
United States Magistrate Judge

---

[1]   Because Rule 26(a)(1)(A)(ii) does not require disclosure of documents intended solely for impeachment, Plaintiff shall not be precluded from introducing Exhibits 113-115 for impeachment purposes only.

[2]   Because Rule 26(a)(1)(A)(i) does not require disclosure of witnesses intended solely for impeachment, Plaintiff shall not be precluded from calling Karen Long for impeachment purposes only.