UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL SABRINA MOORE,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED STATE OF AMERICA,<br><br>                    Defendant. | Case No.: 13-cv-00931-DHB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO RE-TAX COSTS**<br><br>**[ECF No. 128]** |

On June 7, 2016, Plaintiff Raquel Sabrina Moore ("Plaintiff") filed a Motion to Re-Tax Costs. (ECF No. 128.)  On June 23, 2016, Defendant United States of America ("Defendant") filed an opposition. (ECF No. 130.)  On June 30, 2016, Plaintiff filed a reply. (ECF No. 131.)  Having considered the parties' submissions and supporting exhibits, the Court hereby awards costs to Defendant in the amount of $4,206.30.

**I.      BACKGROUND**

On April 18, 2013, Plaintiff filed a negligence action against Defendant under the Federal Tort Claims Act. (ECF No. 1.)  On May 9, 2016, following a four day bench trial, judgment was entered in favor of Defendant. (ECF No. 122.)  On May 13, 2016, Defendant filed a Bill of Costs in the amount of $4,312.30, and on May 26, 2016, Plaintiff filed an objection to the Bill of Costs. (ECF Nos. 123, 125.)  The Clerk of Court held a telephonic Bill of Costs hearing on June 2, 2016 and issued an Order Taxing Costs in the amount of

$4,264.30.  (ECF No. 127.)  Plaintiff contends that the Order Taxing Costs should be vacated, or in the alternative, reduced by the amount of $319.80.  (ECF No. 128 at 10.)

## II. DISCUSSION

Plaintiff argues the Court should use its discretion to decline to award Defendant costs because Plaintiff will suffer severe financial hardship if costs are imposed. Specifically, Plaintiff represents that she is a low paid employee of the U.S. Department of Veterans Affairs (VA), and that her current monthly income only exceeds her monthly expenses by approximately $37.70 per month.  (*Id*. at 3.)  In addition, Plaintiff indicates that she is a single mother who supports her child who is currently attending college, and that Plaintiff filed for bankruptcy during the pendency of the underlying litigation.  (*Id*.) Plaintiff also claims Defendant is in a "better position to bear the burden of its own costs, as Defendant is the federal government of a first world nation."  (*Id*.)  Plaintiff further contends Defendant has failed to properly itemize the costs involved and failed to provide the Court with sufficient details to assess the reasonableness of the amounts claimed.  (*Id*. at 6.)

Defendant counters that it is entitled to recover its costs because this case is not extraordinary and that a severe injustice will not result if Plaintiff is ordered to pay costs. (ECF No. 130 at 8.)  Defendant also provides supplemental information addressing the individual costs challenged by Plaintiff.  (*Id*. at 13-15.)

### A. The Court's Discretionary Authority to Award Costs

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, it is presumed that a prevailing party will recover its costs.  *See* Fed. R. Civ. P. 54(d); *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888 (9th Cir. 2010), abrogated on other grounds by *Fifth Third Bancorp v. Dudenhoeffer*, 134 S.Ct. 2459 (2014).  The losing party bears the burden of showing "why costs should not be awarded." *Quan*, 623 F.3d at 888 (quoting *Save our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003)).  Proper grounds for denying costs include: (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; (3) the chilling effect of imposing high costs of civil rights litigants; (4)

whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.  *Id.* at 888-89.

It is undisputed that Defendant was the prevailing party in this action, as Judgment was entered on May 9, 2016, after the Court concluded that Plaintiff failed to prove Defendant was negligent by a preponderance of the evidence.  (ECF Nos. 121, 122.)  Therefore, it is presumed Defendant is entitled to recover costs, and Plaintiff bears the burden of showing why costs should not be awarded.  For the reasons discussed below, looking at each of the relevant factors individually, the Court finds Plaintiff has not demonstrated this case represents one of the "rare occasion[s] where severe injustice will result from an award of costs (such as the injustice that would result from an indigent plaintiff's being forced to pay tens of thousands of dollars of her alleged oppressor's legal costs)."  *Save our Valley*, 335 F.3d at 945.

### 1. The Losing Party's Financial Resources

The Court appreciates Plaintiff's financial situation; however, based on the information provided in her submitted declaration, she is not indigent.  Plaintiff has a full time job at the VA, and she also receives benefits as a disabled Veteran.  She has a total net income of approximately $4,449.00 per month.  (ECF No. 128-1 at 2).[1]  Although Plaintiff claims that her monthly income barely covers her monthly expenses, she is able to make charitable contributions on a monthly basis.  (*Id.*)  It is commendable that Plaintiff is assisting her adult daughter with college expenses.  However, it does appear that Plaintiff has discretionary income.  While the Court is sympathetic to Plaintiff's financial circumstances, this factor does not support a denial of costs, particularly since it does appear that Plaintiff has sufficient assets to make payments over time.  *See Ardalan v.*

---

[1] The Court is unable to ascertain whether Plaintiff has any assets in investment, savings, or checking accounts, as this information was not provided in the submitted financial declaration.

*Monterey Inst. of Int'l Studies*, No. C 03-01075 JFPVT, 2004 WL 2047593, at *2-4 (N.D. Cal. Sept. 14, 2004).

### 2. Misconduct by the Prevailing Party

There is no allegation by Plaintiff that Defendant engaged in misconduct or impropriety in the litigation of this case. This case was professionally litigated by both parties, and the Court was sincerely impressed with the high caliber of representation on both sides of the aisle. This factor favors imposition of a cost award.

### 3. The Chilling Effect of Imposing High Costs of Civil Rights Litigants

The underlying action was not a civil rights case, as the sole cause of action was negligence based on a slip and fall incident at a VA hospital. The amount of costs are not unusually high or extraordinary for a case that was litigated for a period of more than three years. *See Darensburg v. Metro. Transp. Comm'n*, No. C-05001597 EDL, 2009 WL 2392094 (N.D. Cal. Aug. 4, 2009) (comparing cases with small cost awards under $9,000 and large cost awards ranging from $16,268.71 to $485,159.49). This factor favors the imposition of a cost award.

### 4. Whether the Issues in the Case Were Close and Difficult

Plaintiff contends that because her case was meritorious that she should be relieved from an award of costs. (ECF No. 128 at 4.) It is true that the Court found that the evidence supported her contention that she slipped and fell in a puddle of Isagel liquid. However, this factual finding was only one step towards meeting Plaintiff's burden in establishing liability. As stated in the Court's Memorandum of Decision, Plaintiff failed to prove that Defendant had actual or constructive knowledge of the dangerous condition that allegedly caused her injury. (ECF No. 121 at 8-13.) As previously held by the Court, there was no evidence introduced depicting how, when, or who spilled the Isagel. (*Id.*) The facts of the underlying case were fairly straightforward, and the legal issues were not particularly difficult or complex. This factor favors the imposition of a cost award.

///

///

### 5. Whether the Prevailing Party's Recovery was Nominal or Partial

Defendant prevailed because Plaintiff failed to meet her burden of proof. There was no partial recovery for Plaintiff based on comparative negligence, contributory negligence, or any other legal theory. This factor favors the imposition of a cost award.

### 6. Whether the Losing Party Litigated in Good Faith

The Court does find that Plaintiff litigated this case in good faith. There were factual issues that needed to be determined by a trier of fact. This factor favors the Court utilizing its discretion in denying a cost award.

### 7. Whether the Case Presented a Landmark Issue of National Importance

Plaintiff contends that this case is particularly significant because, "in a broader context, this case is about ensuring the medical needs of our Nation's veterans, in a safe environment." (ECF No. 128 at 4.) The Court certainly recognizes the importance of keeping our veterans safe. However, this case did not address specific health care issues or allegations of delayed medical treatment, which may be defined as important national issues. This case involved an isolated incident at the VA, and did not impact or affect nationwide policy or federal decision making. Simply stated, the underlying matter was not "an extraordinary, and extraordinarily important, case." *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc). This factor favors the imposition of a cost award.

Given the foregoing, the Court finds that it would not be inequitable or improper to award costs.

**B.   Adequacy of Defendant's Cost Bill**

Plaintiff challenges the cost award based on the fact that numerous costs were not reasonable and necessary, and that Defendant failed to comply with Civil Local Rule 54.1(b)(6)(c), which states:

> The party seeking recovery must present documentary evidence in the form of affidavits describing the documents copied, to whom they were provided, the number of pages copied, and the cost per page, and the use of or intended purpose for the items copied. If documents were provided only to the party

> seeking recovery, that party must specify the purpose of acquisition and photocopying of the documents served. In the absence of a specific showing, recovery must be denied.

Civ. L.R. 54.1(b)(6)(c).

Plaintiff objects to the subpoena fees awarded to Defendant for the service of subpoenas to the VA Hospital, Steven Alsing, MD, and attorney Craig Dwyer. (ECF No. 128 at 6.) The Court finds that the service of the subpoenas to the VA Hospital and Dr. Alsing was reasonable and necessary, as it was appropriate for Defendant to subpoena medical records and Dr. Alsing was a potential witness. However, Defendant has not provided justification for serving attorney Dwyer twice, once on January 12, 2016 ($58.00) and again on February 8, 2016 ($58.00). (ECF No. 123 at 4.) The Court acknowledges that attorney Dwyer was a trial witness, and therefore the issuance of a subpoena was necessary, but based on a lack of justification for the two separate subpoena costs, the Court will adjust the costs award by deducting the sum of one of the service costs in the amount of $58.00.

Plaintiff contends that Defendant's Claim for Exemplification and Copies of Papers should be denied for various reasons, including failure to demonstrate which copies were required to be provided to the Court and to opposing counsel, as well as various issues concerning photographs. (ECF No. 128 at 7-9.) The stated requirements in Civil Local Rule 54.1 for the submission of a Bill of Costs requires a more particularized description of the expended costs than is required under Rule 54 of the Federal Rules of Civil Procedure. The purpose of the local rule's greater specificity is to ensure that opposing counsel and the Court have a clear understanding of the nature and purpose of the claimed costs. Plaintiff states that Defendant's Bill of Costs is incomplete because the motion did not explain to whom the duplicated documents were provided, nor did the original submission state the use of, or the intended purpose of, the items copied. (*Id.*) However, Defendant's Attachment to Bill of Costs (Exhibit C) does contain a categorical listing of each exhibit copied and the amount of the respective copy costs for each exhibit. (ECF No. 123 at 21-24). In regard to these exhibits, four copies were made, which is consistent

6

with the Court's order that the Court was to be provided with two copies of the exhibit binders, and a copy needed to be provided to opposing counsel.  It is also reasonable that one copy of the exhibits would be retained by Defendant.  Therefore, Plaintiff had knowledge based on the Court's previously issued Amended Trial Order as to the number of exhibits binders (and exhibits) that had to be made by each party.  (ECF No. 94 at 3.) The Court finds that the cost in duplicating four copies of each exhibit was necessary and reasonable.

The Court further finds that the photographic copies were digital images printed on 8½ x 11 inch copy paper, and therefore these exhibits were not traditional photographs, as contemplated in Civil Local Rule 54.1(7)(a) and (b).  In addition, the Court finds that the costs incurred in the duplication of these digital images were necessary and reasonable.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Re-Tax Costs in **GRANTED IN PART** and **DENIED IN PART**.  Defendant is awarded costs in the amount of $4,206.30.

IT IS SO ORDERED.

Dated:  August 11, 2016

_____
DAVID H. BARTICK
United States Magistrate Judge